UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTONIO TREVYLL MCGRAW-WILLIAMS, | Case No. 24-cv-4176 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| MATTHEW JAMES MANKEY, | |
| Defendant. | |

This matter is before the Court on the December 2, 2024 Report and Recommendation ("R&R") (ECF No. 4) of United States Magistrate Judge Douglas L. Micko, which recommends dismissing without prejudice Plaintiff Antonio Trevyll McGraw-Williams's action. The R&R also recommends denying McGraw-Williams's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) and directing the institution where McGraw-Williams is incarcerated to collect and remit monthly payments from him for this action's filing fee as set forth in 28 U.S.C. § 1915(b)(2). *See* ECF No. 4 at 4. McGraw-Williams objected to the R&R (ECF No. 5), so this Court reviews the R&R's conclusions de novo, Fed. R. Civ. P. 72(b)(3).

## FACTUAL BACKGROUND

McGraw-Williams is accused of possession with intent to distribute fentanyl in an ongoing criminal prosecution in this District. *See United States v. McGraw-Williams*,

No. 23-cr-66 (JNE/LIB) (D. Minn.), ECF No. 1. Attorney Paul Engh was initially appointed to represent McGraw-Williams. *Id.* at ECF No. 15. A few months after the appointment, McGraw-Williams sought to have new counsel appointed. *Id.* at ECF No. 28. Following a hearing, the Court granted McGraw-Williams's motion for new counsel, relieved Engh of his assignment, and directed the Office of the Federal Defender to find new counsel for McGraw-Williams. *Id.* at ECF No. 31. Attorney Matthew James Mankey, the defendant in this civil action, was then appointed to represent McGraw-Williams. *Id.* at ECF No. 32.

McGraw-Williams soon grew dissatisfied with Mankey and sought to proceed *pro se* with standby counsel. *See, e.g.*, *id.* at ECF No. 49. Following a hearing, the Court granted McGraw-Williams's motion to proceed *pro se* and designated Mankey as standby counsel. *Id.* at ECF No. 63. That decision did not satisfy McGraw-Williams, who moved to remove Mankey as standby counsel. *See id.* at ECF No. 111. Mankey also moved to withdraw as standby counsel. *Id.* at ECF No. 116. On September 18, 2024, the Court denied both McGraw-Williams's and Mankey's motions. *Id.* at ECF No. 119.

On November 11, 2024, McGraw-Williams commenced this action against Mankey. *See McGraw-Williams v. Mankey*, No. 24-cv-4176 (LMP/DLM) (D. Minn.), ECF No. 1. The sole relief that McGraw-Williams seeks in this civil action is to require Mankey to withdraw as standby counsel and to have new counsel appointed. *Id.* at 2.

On December 2, 2024, Magistrate Judge Micko issued the R&R, recommending dismissal of this action for failure to state a claim on which relief can be granted. ECF No. 4 at 3. On December 5, 2024—after the R&R had been issued—the Court in McGraw-

Williams's criminal case relieved Mankey from his assignment as standby counsel and directed the Office of the Federal Defender to find new counsel for McGraw-Williams. *See McGraw-Williams*, No. 23-cr-66, ECF No. 133. On December 12, 2024, attorney Eric Newmark was appointed to represent McGraw-Williams. *Id.* at ECF No. 134. Despite the appointment of new counsel, the next day, McGraw-Williams filed objections to the R&R, challenging the quality of Mankey's representation. *See McGraw-Williams*, No. 24-cv-4176, ECF No. 5.

## **ANALYSIS**

Article III restricts federal courts to the resolution of cases and controversies. *Davis v. FEC*, 554 U.S. 724, 732 (2008). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 732–33 (citation omitted) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (internal quotation marks omitted). Accordingly, federal courts will dismiss a case as moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004).

Here, the only relief requested in McGraw-Williams's complaint is Mankey's withdrawal as standby counsel and appointment of new counsel. *See* ECF No. 1 at 2. After the R&R in this case was issued, the Court in McGraw-Williams's criminal case granted

3

him exactly that relief. *See United States v. McGraw-Williams*, No. 23-cr-66 (JNE/LIB), ECF Nos. 133, 134. Although McGraw-Williams continues to criticize Mankey's representation in his objections to the R&R (ECF No. 5), there is no question that the Court in McGraw-Williams's criminal case has provided him with the relief requested in this action, which "eliminate[s] the need for court action." *McCarthy*, 359 F.3d at 1035. The Court must therefore dismiss this action as moot and hereby modifies the R&R accordingly. And because the Court dismisses McGraw-Williams's complaint, the Court also dismisses McGraw-Williams's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) as moot.

## ORDER

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (ECF No. 4) is **ADOPTED AS MODIFIED**.
2. The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot.
3. The Application to Proceed without Prepaying Fees or Costs (ECF No. 2) is **DENIED AS MOOT**.
4. The institution having custody of McGraw-Williams is directed to collect and remit monthly payments to the Court in the manner set forth in 28 U.S.C. § 1915(b)(2) until the $350.00 filing fee is paid in full. McGraw-Williams is obligated to pay, and the institution having custody of him is obligated to forward, 20 percent of the preceding month's income credited to McGraw-Williams's institutional account each time the amount in the account exceeds $10.00.

5. The Clerk of Court is **ORDERED** to send notice of McGraw-Williams's payment obligations to the institution where McGraw-Williams is incarcerated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 3, 2025                    *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge